UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEVEN ANTHONY CANONICO,<br><br>            Petitioner,<br>v.<br>WILLIAMS,<br><br>            Respondents. | Case No. 2:24-cv-01398-RFB-BNW<br><br>**ORDER** |

Petitioner Steven Anthony Canonico, a *pro se* Nevada prisoner, has submitted a Petition for Writ of Habeas Corpus (ECF No. 1) under 28 U.S.C. § 2254. This habeas matter is before the Court following Canonico's response (ECF No. 4) to the order to show cause why the petition should not be dismissed as unexhausted. For the reasons discussed below, the Court dismisses Canonico's petition without prejudice for failure to exhaust his claims in state court.

**I.  BACKGROUND**

Canonico challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. On July 28, 2023, the state court entered a judgment of conviction pursuant to a guilty plea for residential burglary. The Nevada Supreme Court dismissed his direct appeal as untimely. In September 2023, Canonico filed a federal habeas petition that was dismissed without prejudice as unexhausted because he had not filed a state habeas petition.

On July 30, 2024, Canonico filed a state petition for writ of habeas corpus that remains pending before the state district court. On July 29, 2024, Canonico initiated this federal habeas case alleging claims of violation of his due process rights and claims of ineffective assistance of counsel. ECF No. 1.

## II. DISCUSSION

The show cause order explained that Canonico's claims are subject to dismissal because they are wholly unexhausted. ECF No. 3. The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires petitioners to exhaust state court remedies before presenting claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A); Coleman v. Thompson, 501 U.S. 722, 731 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." Woods v. Sinclair, 764 F.3d 1109, 1129 (9th Cir. 2014). Fair presentation requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based, id. (quoting Gray v. Netherland, 518 U.S. 152, 162–63 (1996)), and to do so in accordance with established state procedures, Kellotat v. Cupp, 719 F.2d 1027, 1030 (9th Cir. 1983). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. O'Sullivan v. Boerckel, 526 U.S. 838, 844–45 (1999); Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

Here, although Canonico filed a state habeas petition, such petition remains pending in the state district court. Canonico provides that he was concerned about being able to file a timely federal habeas petition, but he does not demonstrate that a stay and abeyance under the Rhines test is warranted. ECF No. 4 at 1. See Rhines v. Weber, 544 U.S. 269, 273–75 (2005). In addition, his claims have not been appealed to the state appellate court and thus have not been raised through one complete round to the highest state court level of review available. The Court dismisses his petition without prejudice. Canonico may file his petition in a new case following exhaustion of his claims in state court.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Petitioner Steven Anthony Canonico's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) is dismissed without prejudice.

**IT IS FURTHER ORDERED** that, to the extent necessary, a certificate of appealability is denied because jurists of reason would not find debatable whether the Court is correct in dismissing this action.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter judgment accordingly and close this case.

**DATED:** March 28, 2025.

                                              **RICHARD F. BOULWARE, II**
                                              **UNITED STATES DISTRICT JUDGE**